UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK ERIK EDISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:09CV00133 LMB |
| | ) |
| CHICAGO TITLE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on the Petition for Declaratory Judgment of Plaintiff Mark Erik Edison, originally filed in the Circuit Court of Wayne County, Missouri, against Defendant Chicago Title Insurance Company. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Presently pending before the court is Defendant Chicago Title Insurance Company's Motion to Dismiss Plaintiff's Petition. (Document Number 4). A hearing was held on defendant's motion on January 25, 2010, during which the parties presented evidence and argument.

**Background**

In the first count of his Petition, plaintiff states that on or about January 19, 2006, Defendant Chicago Title Insurance Company through its agent, United Land Title, LLC, issued to plaintiff a policy of insurance, No. 7210672-110452 ("policy"), which insured plaintiff's fee simple interest in real property located in Wayne County, Missouri. Plaintiff states that on or

about February 11, 2009, at a time when plaintiff's policy was in full force and effect, Don W. Barks and Heidi K. Barks, the former owners of plaintiff's real property, filed a Petition in Wayne County Circuit Court requesting that the court set aside plaintiff's deed or, in the alternative, reform plaintiff's deed to include a life estate reservation for Don W. Barks and Heidi K. Barks ("Barks action"). Plaintiff alleges that the Barks action is a claim which is covered under the Chicago Title Insurance Company policy. Plaintiff states that defendant has denied coverage to plaintiff and has refused to pay any of the costs of defending the Barks action. Plaintiff requests that the court issue a declaratory judgment determining that the policy was in full force and effect on the dates in question, that defendant be ordered to reimburse to plaintiff his costs and attorney fees expended in defending the Barks action, that defendant be ordered to pay plaintiff's future attorney fees for defending the Barks action, and that defendant be ordered to reimburse plaintiff for all damages suffered by him as a result of the filing of the Barks action.

In his second count, plaintiff alleges that defendants and its agents made certain material misrepresentations to plaintiff regarding the coverage of the insurance policy. Plaintiff states that the material misrepresentations of defendant and its agents were false when made. Plaintiff alleges that defendant and its agents knew the material misrepresentations that were made were false and that the material misrepresentations were made with the purpose of deceiving plaintiff. Plaintiff states that he was deceived by defendant and its agents in that plaintiff believed the insurance policy guaranteed plaintiff and his brother fee simple ownership interest to the real property at issue. Plaintiff alleges that he reasonably relied on the representations of defendant and its agents and suffered damages as a proximate result of the fraudulent misrepresentations. Plaintiff requests that the court issue a declaratory judgment determining the policy was in full

force and effect on the dates in question, that defendant be ordered to reimburse plaintiff his costs and attorney fees expended by him in defending the Barks action, that defendant be ordered to pay plaintiff's future attorney fees for defending the Barks action, and that defendant be ordered to reimburse plaintiff for all damages suffered by him as a result of the filing of the Barks action and for the fraudulent inducement of plaintiff.

## Discussion

In its Motion to Dismiss, defendant argues that plaintiff's Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. With respect to Count I, defendant argues that the claim asserted in the Barks action is excluded from coverage under two separate policy provisions. With respect to Count II of plaintiff's Petition, defendant argues that plaintiff has failed to plead a submissible case of fraudulent misrepresentation.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

### A. Count I

Defendant argues that the claim asserted in the Barks action is excluded from coverage

under the terms of the policy.  Specifically, defendant contends that the policy contains an exclusion, Exclusion 3(a), for "defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant[.]"  Defendant states that the Petition filed by the Barkses alleges that plaintiff knowingly, and by undue influence, misrepresented to the Barkses his intention to provide the Barkses a life estate in the property.  Defendant argues that the duty to defend is determined solely by comparing the language of the insurance policy with the allegations in the Petition.  Defendant contends that the Petition in the Barks action clearly alleges that plaintiff created and assumed liability for the claim filed by the Barkses, thus precluding coverage under Exclusion 3(a) and eliminating defendant's duty to defend plaintiff.

Further, although defendant did not raise this claim in its motion, defendant argued during the hearing on its motion that the Barkses' claim is also precluded by Exclusion (1) of Owners Schedule B.  Plaintiff has attached Owners Schedule B to his Response and defendant notes that plaintiff has acknowledged receipt of this exclusion.  Exclusion (1) excludes "rights or claims of parties in possession not shown by the public records."  Pl's Ex. A.

Plaintiff first argues that he never received Exclusion 3(a).  Plaintiff further argues that defendant's agent, United Land Title LLC d/b/a Regional Title Land Services, prepared the deed and all closing documents, therefore if there was any conscious or deliberate act to deceive defendant it was perpetuated by defendant's agent, and not by plaintiff.  Plaintiff contends that defendant knows that its agent prepared the deed and all closing documents and that defendant cannot ignore actual facts known to it in determining its liability to defend.  Plaintiff further argues that Exclusion 3(a) is not applicable in this matter because none of the alleged misrepresentations

of plaintiff are acts which would have induced defendant to insure the property.

Under Missouri law, an insurer's duty to defend is broader than the duty to indemnify. McCormack Baron Mgmt. Serv., Inc. v. Am. Guar. & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo. banc 1999). "The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial." Id. An insurer's duty to defend a suit against its insured is determined by comparing the language of the insurance policy with the allegations asserted in the plaintiff's petition. Scottsdale Ins. Co. v. Ratliff, 927 S.W.2d 531, 532 (Mo. Ct. App. 1996). The insurer has a duty to defend if the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage. McCormack Baron Mgmt. Serv., Inc., 989 S.W.2d at 170-71. An insurer, however, may not merely rest upon the allegations contained within the petition. Truck Ins. Exch. v. Prairie Framing, LLC, 162 S.W.3d 64, 83 (Mo. Ct. App. 2005). "Rather it must also consider the petition in light of facts it knew or could have reasonably ascertained." Id. "To extricate itself from a duty to defend the insured, the insurance company must prove that there is *no possibility* of coverage." Id. at 79 (emphasis in original).

   1.   **Exclusion 3(a)**

As previously stated, plaintiff argues that he never received Exclusion 3(a). At the hearing, defendant's attorney admitted that defendant is unable to prove that plaintiff received this exclusion. Plaintiff has provided the policy exclusions that he received at the closing, and Exclusion 3(a) is not included in this document. Pl's Ex. A. Defendant has not provided the court with a copy of Exclusion 3(a). As such, defendant's claim that plaintiff's Petition should be dismissed because the Barks action is excluded from coverage under Exclusion 3(a) lacks merit.

## 2. Exclusion (1) of Owners Schedule B

As previously stated, Exclusion (1) excludes "rights or claims of parties in possession not shown by the public records." Pl's Ex. A. This exclusion is contained in Owners Schedule B, which plaintiff has attached to his Response as an exhibit. See Pl's Ex. A.

The undersigned questions the applicability of Exclusion (1) under the facts of this case. Exclusions of this nature are generally designed to protect the insurer against claims of adverse possession. See Lee R. Russ & Thomas F. Segalla, 11 Couch on Insurance § 159:70 (3rd Ed. 2008). The rationale for the exception, at least in part, is that possession of land should put the insured on notice that these parties may have some claim. Id.

In this case, the Barkses are not asserting an adverse possession claim. Rather, the Barkses are claiming that plaintiff represented to the Barkses that the Barkses would retain a life estate in property conveyed from the Barkses to plaintiff and that the deed makes no mention of a life estate interest being reserved. The Barkses' interest in the property is shown by public record, as they were the original owners of the property. The Barkses are challenging conduct that occurred during the conveyance of their property to plaintiff. Under these circumstances, it is questionable whether Exclusion (1) applies.

Further, as plaintiff argues, plaintiff was not present at the closing and did not prepare the deed. He says defendant's agent United Land Title, LLC, d/b/a Regional Title Land Services prepared the deed and all closing documents. Plaintiff argues that, if there was any conscious or deliberate act to deceive it was perpetuated by defendant's agent in drafting the deed and during the closing and not by plaintiff. Plaintiff notes that the Barkses even allege in their Petition that plaintiff did not know how to put the life estate reservation on the deed. Def's Ex. A at ¶ 3.

Defendant argues that, in determining its duty to defend plaintiff, it is bound by the allegations in the Barkses' Petition, and there are no allegations against defendant in the Barkses' Petition. Defendant's claim that it is limited to the allegation in the Barkses' Petition in determining its duty to defend lacks merit. Although it is true that the insurer should compare the language of the insurance policy with the allegations asserted in the petition, an insurer may not merely rest upon the allegations contained within the petition. See Truck Ins. Exch., 162 S.W.3d at 83. "Rather it must also consider the petition in light of facts it knew or could have reasonably ascertained." Id. Defendant does not dispute that its agent prepared the deed in question or that the transaction was closed in its agent's office. As such, defendant cannot ignore these facts in determining its duty to defend plaintiff.

In view of the record before the court in this matter, the undersigned finds that defendant has failed to demonstrate that there is no possibility of coverage based on Exclusion 3(a). Thus, the court will deny defendant's motion to dismiss as to Count I of plaintiff's Petition.

**B.**  **Count II**

With respect to Count II of plaintiff's Petition, defendant argues that plaintiff has failed to plead a submissible case of fraudulent misrepresentation. Plaintiff contends that defendant mischaracterizes its claim as one of fraudulent misrepresentation whereas plaintiff sets forth a claim of fraud in the inducement. Plaintiff argues that it has set forth a submissible case of fraud in the inducement.

To establish a fraud in the inducement claim, plaintiff must allege the following: (1) that agents of defendant made certain material representations; (2) such representations were false when made; (3) the agents making the representations knew they were false; (4) the

representations were made with the purpose of deceiving; (5) plaintiff was, in fact, deceived; (6) plaintiff reasonably relied on the representations; and (7) plaintiff suffered damage as a proximate result of the fraudulent misrepresentations. ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 386 (Mo. banc 1993).

Claims of fraud must, however, be pled under Rule 9(b) of Federal Rules of Civil Procedure with particularity, including "'the time, place and contents of false representations, as well as the identify of the person making the misrepresentation and what was obtained or given up thereby.'" BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." Id. (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). This particularity required by Rule 9(b) "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." Costner, 317 F.3d at 888.

Plaintiff's allegations in Count II of fraud in the inducement lack the particularity required by Rule 9(b). Specifically, plaintiff alleges only that defendant "and its agents" made "certain material representations" to plaintiff regarding the coverage under the policy. Plaintiff does not identify who made the representations, the statements alleged to be fraudulent, or when the representations were made. As such, plaintiff's allegations of fraud in Count II are insufficient under Rule 9(b) and will be dismissed without prejudice. Plaintiff will be granted 20 days from the date of this order to file an Amended Complaint alleging facts with sufficient particularity to comply with the requirements of Rule 9(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chicago Title Insurance Company's Motion to Dismiss Plaintiff's Petition (Doc. No. 4) be and it is **granted in part,** and **denied in part**.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Count II of plaintiff's Petition be and it is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff be permitted to file an Amended Complaint within 20 days from the date of this order alleging facts with sufficient particularity to comply with the requirements of Rule 9(b).

Dated this   10th  day of February, 2010.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE