# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK ERIK EDISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00133 LMB |
| ) | |
| CHICAGO TITLE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Presently pending before the court is Defendant Chicago Title Insurance Company's Second Motion to Dismiss Count II of Plaintiff's Amended Complaint. (Document Number 13). Plaintiff has not filed a Response.

## Background

This matter was removed from the Circuit Court of Wayne County, Missouri, on September 18, 2009. (Doc. No. 1). Plaintiff raised two counts in his Petition for Declaratory Judgment. In his first count, plaintiff stated that on or about January 19, 2006, Defendant Chicago Title Insurance Company through its agent, United Land Title, LLC, issued to plaintiff a policy of insurance, No. 7210672-110452 ("policy"), which insured plaintiff's fee simple interest in real property located in Wayne County, Missouri. Plaintiff sought a declaratory judgment that Chicago Title is required to defend or indemnify plaintiff for litigation brought against plaintiff in Wayne County, Missouri, by Don W. Barks and Heidi D. Barks ("Barks action"). In the Barks action, Don and Heidi Barks are seeking to reform a General Warranty Deed that conveyed

- 1 -

property from Don and Heidi Barks to plaintiff and Timothy Wayne Edison to include a life estate for Don and Heidi Barks. In his second count, plaintiff alleged that defendant made certain material misrepresentations to plaintiff regarding the coverage of the insurance policy.

Defendant filed a Motion to Dismiss Plaintiff's Petition on November 12, 2009. (Doc. No. 4). A hearing was held on defendant's motion on January 25, 2010, during which the parties presented evidence and argument. In a Memorandum and Order dated February 10, 2010, the court denied defendant's motion as to Count I and granted defendant's motion as to Count II. (Doc. No. 11). The undersigned found that plaintiff's allegations of fraud in Count II were insufficient under Rule 9(b) and dismissed them without prejudice. Plaintiff was given twenty days to file an Amended Complaint alleging facts with sufficient particularity to comply with the requirements of Rule 9(b).

Plaintiff filed an Amended Complaint on February 17, 2010. (Doc. No. 12). In Count II of his Amended Complaint, plaintiff alleges that defendant and its agents made certain material misrepresentations to plaintiff that the policy of title insurance which it was selling to plaintiff would guarantee to plaintiff fee simple absolute title to the property and that the policy would provide and cover the cost to defend any claims contesting plaintiff's fee simple absolute ownership of the property. Plaintiff states that the material misrepresentations of defendant and its agents were false when made. Plaintiff alleges that defendant and its agents knew the material misrepresentations that were made were false and that the material misrepresentations were made with the purpose of deceiving plaintiff. Plaintiff states that he was deceived by defendant and its agents in that plaintiff believed the insurance policy guaranteed plaintiff and his brother fee simple ownership interest to the real property at issue. Plaintiff alleges that he reasonably relied on the

representations of defendant and its agents and suffered damages as a proximate result of the fraudulent misrepresentations.

## Discussion

In its Motion to Dismiss, defendant argues that Count II of the Amended Complaint should be dismissed because plaintiff has again failed to plead a submissible cause of action for fraudulent misrepresentation.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

As was previously stated in the court's February 10, 2010 Memorandum and Order, to establish a fraud in the inducement claim, plaintiff must allege the following: (1) that agents of defendant made certain material representations; (2) such representations were false when made; (3) the agents making the representations knew they were false; (4) the representations were made with the purpose of deceiving; (5) plaintiff was, in fact, deceived; (6) plaintiff reasonably relied on the representations; and (7) plaintiff suffered damage as a proximate result of the fraudulent misrepresentations. ITT Commercial Finance Corp. v. Mid-America Marine Supply

Corp., 854 S.W.2d 371, 386 (Mo. banc 1993).

Claims of fraud must, however, be pled under Rule 9(b) of Federal Rules of Civil Procedure with particularity, including "'the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." Id. (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). This particularity required by Rule 9(b) "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." Costner, 317 F.3d at 888.

Plaintiff's allegations of fraud in the inducement in Count II of the Amended Complaint continue to lack the particularity required by Rule 9(b). Specifically, plaintiff does not identify who made the representations, or when and where the representations were made. As such, plaintiff's allegations of fraud in Count II of the Amended Complaint are insufficient under Rule 9(b) and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chicago Title Insurance Company's Second Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. No. 13) be and it is **granted.**

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Count II of plaintiff's Amended Complaint be and it is **dismissed.**

Dated this 19th day of July, 2010.

                                              LEWIS M. BLANTON
                                              UNITED STATES MAGISTRATE JUDGE